The Honorable Jimmy "Red" Milligan State Representative P.O. Box 68 Yellville, AR 72687-0068
Dear Representative Milligan:
I am writing in response to your request for an opinion on the following questions concerning the formation of county planning and zoning boards:
 1. Is Act 422 of 1977, as amended, a cafeteria type act? Must zoning (14-17-209) be included in the authorizing act, or can it be specifically excluded?
 2. Can a Quorum Court, acting under other authorization than Act 422, enact specific ordinances controlling planning and zoning functions without a Planning Board being created? Can each of these functions be enacted separately without enacting all?
 3. Is a county, either through the County Judge or Quorum Court, required by Arkansas statute to enact any authorization for planning and zoning?
 4. Does a Quorum Court or a Planning Board have the authority to enact road specifications and standards that a County Judge must follow in the administration of the County Road System? If roads are built to such specifications and standards, is a County Judge required to accept such roads into the County Road System?
RESPONSE
It is my opinion in response to your first question that zoning cannot be specifically excluded from an ordinance enacted under Act 422 of 1977 (A.C.A. § 14-17-201 et seq.), which authorizes the creation of a county planning board. The answer to both parts of your second question is "yes," pursuant to A.C.A. § 14-14-807 (4), with the caveat that any such ordinances must be consistent with all applicable state laws. The answer to your third question is "no." With regard to your final question, it is my opinion that a quorum court does not have the authority to set road specifications which would interfere with the "exclusive original jurisdiction" of the county court under Article 7, § 28 of the Arkansas Constitution, or with the county judge's power under Arkansas Constitution Amendment 55, § 3 to "operate the system of county roads," or with any constitutional or statutory authority of the county judge which existed at the time of the adoption of Amendment 55, § 3.
Question 1 — Is Act 422 of 1977, as amended, a cafeteria type act? Mustzoning (14-17-209) be included in the authorizing act, or can it bespecifically excluded?
Please note that I have enclosed a copy of a recently issued opinion (Op. Att'y Gen. 2001-181) that I believe is responsive to this question. If a county proceeds under Act 422 of 1977 and establishes a planning board as envisioned under that act or has the quorum court assume the powers of the planning board, (see A.C.A. § 14-17-203), then it seems clear that zoning cannot be specifically excluded in the sense that the planning board will have the authority under state law to recommend zoning ordinances. See Opinion 2001-181 at 2 (discussing A.C.A. §§ 14-17-207 (a) and -209 (a)). As noted in Opinion 2001-181, however, a quorum court is not required to approve any such recommended zoning ordinances. Id. Seealso A.C.A. § 14-14-807 (4) (providing that a quorum court "may either accept, modify, or reject recommendations of the county planning board.")
Question 2 — Can a Quorum Court, acting under other authorization thanAct 422, enact specific ordinances controlling planning and zoningfunctions without a Planning Board being created? Can each of thesefunctions be enacted separately without enacting all?
It is my opinion that the answer to both parts of this question is "yes," in accordance with A.C.A. § 14-14-807 (4) wherein it provides that "[t]he quorum court is empowered to initiate its own planning and zoning laws[.]" This provision was added to § 14-14-807 (4) by Act 278 of 1981. This Code section states in full as follows:
 A county exercising local legislative power is subject to the following provisions. These provisions are a prohibition on the legislative power of a county acting other than as provided:
* * *
 (4) All laws which regulate planning or zoning. However, a county quorum court, in the exercise of its local legislative power, may either accept, modify, or reject recommendations of the county planning board. Modifications of the recommendations shall be made by the procedures provided in 14-17-201 et seq. The quorum court is empowered to initiate its own planning and zoning laws[.]
A.C.A. § 14-14-807(4) (Repl. 1998) (emphasis added).
Prior to the 1981 amendment, counties were prohibited from enacting local legislation other than as provided by state laws regulating planning and zoning.[1] These state laws contemplate the creation of a county planning board for planning and zoning functions, with the option of the quorum court assuming the powers, duties, and functions of the board.See A.C.A. § 14-17-203. In 1981, the legislature added the language to §14-14-807 (4) authorizing the quorum court to "either accept, modify or reject the recommendations of the County Planning Board." But it provided further that the quorum court may "initiate its own planning and zoning laws." I conclude from this legislative history that the intent was to authorize the enactment of county ordinances regulating planning and zoning independently of a planning board. Cf. Op. Att'y Gen. 97-308
(opining that counties may enact ordinances controlling cellular towers under their general grant of authority to enact planning and zoning laws independently of any county planning board, citing A.C.A. § 14-14-807
(4)).
While it is therefore my opinion that the creation of a planning board is not a prerequisite to the quorum court initiating its own planning and zoning laws, such laws must nevertheless be consistent with applicable state laws regulating county planning and zoning. See A.C.A. § 14-14-809
(requiring that ordinances be consistent with state law when the county is authorized to regulate an area which the state also regulates).
With regard to that part of your question concerning the separation of planning and zoning functions, it is my opinion that the answer is "yes." That is, these functions may, in my opinion, be enacted separately, assuming that the quorum court is acting pursuant to § 14-14-807 (4) and that there is no planning board. As noted in response to your first question, if a planning board has been established as specifically authorized by the state laws regulating planning and zoning (A.C.A. §14-17-201 et seq.), then the planning board will have the authority to recommend a zoning ordinance despite the absence of any separate enactment of zoning by the quorum court. See also Op. Att'y Gen.2001-181. Other than this recommendation authority of a planning board, however, I have found no state law that would prevent a quorum court from excluding either planning or zoning from an ordinance regulating these functions.
Question 3 — Is a county, either through the County Judge or QuorumCourt, required by Arkansas statute to enact any authorization forplanning and zoning?
It is my opinion that the answer to this question is "no," pursuant to A.C.A. § 14-14-802 (b), which provides in relevant part as follows:
 (1) A county government, acting through the quorum court, may provide through ordinance for the establishment of any service or performance of any function not expressly prohibited by the Arkansas Constitution of by law.
 (2) These legislative services and functions include, but are not limited to, the following services and facilities:
* * *
(B) Community and rural development services, including:
* * *
(iv) Planning, zoning, and subdivision control services[.]
A.C.A. § 14-14-802(b)(1)(B)(iv) (Repl. 1998) (emphasis added).
It seems clear from the language emphasized above that the quorum court is authorized, but not required, to enact local legislation with respect to planning and zoning.
Question 4 — Does a Quorum Court or a Planning Board have the authorityto enact road specifications and standards that a County Judge mustfollow in the administration of the County Road System? If roads arebuilt to such specifications and standards, is a County Judge required toaccept such roads into the County Road System?
The answer to both parts of this question will depend upon whether there is any interference, under the particular circumstances, with the constitutional and statutory power of the county judge or the county court over county roads. These constitutional and statutory powers are discussed in detail in Attorney General Opinion 97-181, a copy of which is enclosed for your review. As you can discern from that opinion, the general questions you have posed cannot be answered with a simple "yes" or "no," but instead must be considered against a background of actual facts. I refer you to Opinion 97-181 for the general legal framework to guide the factual analysis.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure
[1] Prior to its amendment in 1981, A.C.A. § 14-14-807(4) stated:
 A county exercising local legislative power is subject to the following provisions. These provisions are a prohibition on the legislative power of a county acting other than as provided:
* * *
(4) All laws which regulate planning or zoning[.]
See Act 742 of 1977, § 75.